Nathan A Huey (MT Bar # 27181867)
Lillian Alves (MT Bar # 14077)
Natalie A. Hammond (MT Bar # 65121792)
GORDON REES SCULLY MANSUKHANI, LLP
283 West Front Street, Suite 003
Missoula, MT 59802
Telephone: (406) 218-4074
nhuey@grsm.com; lalves@grsm.com; nhammond@grsm.com
tjordan@grsm.com

*Attorneys for Defendants*

Bernard J. Everett
EVERETT COOK LAW
217 E. Park Street
Anaconda, MT 59711
Phone: (406) 299-2770
beneverett@everettlawpllc.com

Christopher D. Bryan
Andrea S. Bryan
GARFIELD & HECHT, P.C.
625 E. Hyman Avenue, Suite 201
Aspen, Colorado 81611
Phone: 970.925.1936
Facsimile: 970.925.3008
cbryan@garfieldhecht.com
abryan@garfieldhecht.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| OLIVER WHITCOMB and AMY CLIFFORD, on behalf of M.W. (Minor),<br><br>Plaintiffs,<br><br>v.<br><br>INNERCHANGE CHRYSALIS, LLC d/b/a CHRYSALIS THERAPEUTIC BOARDING SCHOOL; CHANGE ACADEMY AT LAKE OF THE OZARKS, LLC and SOLACIUM HOLDINGS, LLC d/b/a EMBARK BEHAVIORAL HEALTH; | Cause No: 9:23-CV-00039-DLC<br><br><br><br><br><br>**STIPULATED PROTECTIVE ORDER** |

| | |
|---|---|
| INNERCHANGE VIVE, LLC; COREY HICKMAN, an individual; and AMBERLI WYATT, an individual,<br><br>　　　　Defendants. | |

The parties, and their respective attorneys, stipulate to the entry of this Protective Order (the "Order"). This Order is entered to limit the disclosure of and to maintain the confidentiality of any document produced in discovery which the producing party asserts is "CONFIDENTIAL" or otherwise entitled to this Court's protection from unlimited disclosure.

The parties therefore agree as follows:

1. **Purpose of Order.** The purpose of this Order is to prevent the disclosure of documents deemed confidential and to protect confidential, medical, mental or behavioral health, privileged, or proprietary information or documentation. The parties, their attorneys and staff, their experts, court reporters and/or other persons or entities involved in this litigation are prohibited from disseminating documents or information to any third parties outside this litigation regarding the information produced the parties marked as "CONFIDENTIAL" including medical and/or psychological records of Plaintiff or unrelated third parties.

2. **Confidential Information.** The Parties have agreed that any documents designated as "CONFIDENTIAL" pursuant to this Order that are

produced or disclosed during this litigation should be treated as confidential and privileged and may not be disclosed or disseminated, except to parties, their counsel, staff for counsel and their experts. Expert witnesses shall be specifically instructed that the information and documents are confidential and not to be disclosed to anyone without prior permission from this Court. Any party can classify a document as "CONFIDENTIAL."  In the event there is a dispute as to the classification of a document, the Court in this matter shall make a determination as to the classification.

3.      **Means of Designation**. Any document produced by any party in discovery may be designated by that party as "CONFIDENTIAL" and therefore subject to the terms of this Stipulation and Order. Any document not so designated at the time it is produced is not protected and is not subject to this Stipulation and Order. The sole means for designating a document as "CONFIDENTIAL" shall be to type, stamp or imprint the word "CONFIDENTIAL" on each page of each document. Only documents bearing the word "CONFIDENTIAL" shall be subject to this Stipulation and Order. In the case of documents consisting of more than one page, each page for which protection is sought must bear the word "CONFIDENTIAL." Each page of any deposition containing information deemed by a party to be confidential shall bear the word "CONFIDENTIAL" and any question (or portion thereof) or any answer (or portion thereof) in a deposition deemed by any party to warrant "confidential" protection shall be further designated

by underlining. Only deposition questions or answers underlined on pages designated "CONFIDENTIAL" are protected by this Stipulation and Order. Additionally, the parties agree that any testimony or discussion during depositions referencing current or former Chrysalis patients by name will appear in the transcript only by initials of the patient. Exhibits attached to the depositions that were previously marked as Confidential shall maintain their confidentiality.

4. **A "CONFIDENTIAL" document may be disclosed only to the following:**

a. The Parties (and officers of corporate parties) and their counsel of record, and record counsel's partners, associates, staff, and agents.

b. Experts (both consulting and testifying), consultants, document managers, and litigation support contractors retained by counsel or parties to this action;

c. The Court, court personnel, including stenographic reporters; and any actual or prospective witnesses in this litigation, except that such a person may only be shown a matter designated as confidential during, or in preparation of his or her testimony, and only to the extent necessary for such preparation or testimony.

d. Nothing in this confidentiality agreement prohibits the disclosure of "CONFIDENTIAL" information to law enforcement or governmental

agencies, pursuant to Montana law.

4. **Copies of "CONFIDENTIAL" documents.** Any party who makes copies of a "CONFIDENTIAL" document for any permitted use hereunder shall maintain and not redact the "CONFIDENTIAL" mark from the document or a page thereof.

5. **Filing "CONFIDENTIAL" documents.** If "CONFIDENTIAL" documents subject to this Stipulation and Order are to be filed with the Clerk of Court, such documents shall be filed under seal with a motion or notice on the envelope identifying each document and stating it is subject to this Stipulated Protective Order.

6. **"CONFIDENTIAL" Documents as Evidence at Trial.** The protections of this Order cease for all documents offered into evidence during the trial of this case. Unless otherwise specifically ordered by the Court, any document designated "Confidential" loses its protected confidential status upon admission into evidence at the time of trial. Documents admitted into evidence or otherwise shown to the jury shall have the "Confidential" designation removed before publication to the jury.

7. **Limitations on the Recording and Dissemination of Depositions.** The recording or dissemination in any fashion of the depositions, other than by the designated videographer and court reporter, is prohibited. However, counsel may, in

good faith, disseminate or use the depositions for purposes of litigation and settlement in this matter.

8. **Limitations on Attendance at Depositions.** The Parties' depositions shall not be attended by persons other than the deponent, counsel, the named Parties, court reporter, and videographer, whether in person or by any remote means.

9. **No Admission**. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, record or other information.

10. **Duration**. The confidentiality obligations imposed by this Court shall remain in effect unless otherwise expressly ordered by the Court, including after any resolution, judgment, or other disposition or conclusion of this lawsuit, including all appeals. This Court shall retain continuing jurisdiction to enforce the terms of this Order after the lawsuit is resolved, including but not limited to all appeals. Any Party may request in writing that other Parties return or destroy all confidential information and all copies to the Party who provided the confidential information. Each party has thirty (30) days from the date of the written request to return the confidential information.

11. **No Waiver.** This Stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in this Order. Additionally, this Stipulated

Protective Order shall not prevent any party from applying to the Court for further or additional protective orders, or from agreeing amongst themselves by proper Order to modify the terms of this Stipulated Protective Order.

      12.    **Docket Filings**. All documents of any nature including, but not limited to briefs, motions, memoranda, transcripts, discovery responses, evidence, and the link that are filed with the Court for any purpose and that contain the designated confidential depositions, or any exhibit thereto, shall be provisionally filed under restricted access with the filing Party's motion for leave to file restricted access documents. A party seeking to file the confidential depositions or exhibits thereto must comply with the Court's rules and electronic docketing procedures for filing such motions.

      13.    **Jurisdiction.** The Court shall retain jurisdiction of this cause after termination as appropriate to enforce the provisions of this Stipulated Protective Order.

Plaintiffs and Defendants, by their undersigned counsel, stipulate and consent to the entry of this Protective Order.

DATED: December 17, 2024

        *s/Lillian Alves*
        Nathan A Huey (MT Bar # 27181867)
        Lillian Alves (MT Bar # 14077)
        Natalie A. Hammond (MT Bar # 65121792)
        **GORDON REES SCULLY MANSUKHANI LLP**
        283 West Front Street, Suite 003
        Missoula, MT 59802
        (406) 218-4074
        nhuey@grsm.com;
        tjordan@grsm.com
        *Attorneys for Defendants*

DATED: December 17, 2024

        *s/Andrea Bryan*
        Christopher D. Bryan
        Andrea S. Bryan
        GARFIELD & HECHT, P.C.
        625 E. Hyman Avenue, Suite 201
        Aspen, Colorado 81611
        Phone: 970.925.1936
        Facsimile: 970.925.3008
        cbryan@garfieldhecht.com
        abryan@garfieldhecht.com
        Attorneys for Plaintiffs

DATED: December 17, 2024

        */s/ Dana L. Christensen*
        Dana L. Christensen, District Judge
        United States District Court